Belfance, Presiding Judge,
concurring.
{¶ 27} I concur. However, I write separately because I would affirm the commission’s decision with respect to Martucci’s second assignment of error for a different reason.
{¶ 28} In his second assignment of error, Martucci argues in part that the commission “failed to indicate what variables are considered when determining a start date for the academy.” However, in making this argument, Martucci has not explained how his focus on the variables considered for a start date for the academy are relevant to the propriety of the decision of the court of common pleas.
{¶ 29} In its judgment entry, the common pleas court stated that “[t]he testimony at the hearing evidences that Mr. Martucci was going to turn 32 years of age prior to being able to obtain an original appointment to the Akron Police Department.” (Emphasis added.) In my view, Martucci has not demonstrated why this core determination, which refers to the language of the municipal ordinance, is not supported by a preponderance of reliable, probative, and substantial evidence.
{¶ 30} Akron City Ordinance 15-1998 provides that “Council hereby establishes the maximum hiring age for original appointments to the Akron Police Department at thirty-one (31) years of age.” During the proceedings before the commission, neither party argued about the meaning of the term “original appointment.” The common pleas court found that the evidence demonstrated *182 that Martucci was going to turn 32 prior to being able to obtain an original appointment to the police department. Implicit in that determination is the court’s view that an original appointment to the police department occurs at a point when all the necessary steps for hiring have been completed.
{¶ 31} In his merit brief, Martucci has not offered a definition of “original appointment” as employed in the ordinance and has not challenged the common pleas court’s implicit determination of “original appointment.” Rather, he contends that the commission’s failure to indicate what variables and guidelines are considered when determining a start date for the academy somehow renders the commission’s decision that Martucci was beyond the hiring age illegal, arbitrary, and unreasonable. However, the city’s ordinance establishing the age limitation does not contain any reference to the start date of the police academy or in any way suggest that the start date for the police academy could serve as a reference point for defining the phrase “original appointment.” Rather, the ordinance states that the maximum hiring age for original appointments to the police department is 31 years of age. Martucci has not argued that he was in fact 31 years of age at the time of original appointment and he did not offer a definition of “original appointment” when he appeared before the commission. Instead, he takes issue with the process that presumably culminates in obtaining an original appointment. In light of his limited argument in this appeal, the meaning of the phrase “original appointment” is not properly before this court. In addition, to the extent that Martucci contends that the city’s hiring process is unlawful, he has failed to develop this argument.
{¶ 32} Based upon this analysis, I would conclude that Martucci has not established that the common pleas court erroneously affirmed the commission’s decision.